IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yahya Muqit, #318455, aka Yayha Muquit, <br><br> Plaintiff, <br><br> -versus- <br><br> Leeroy Cartledge (Warden); Frank Muzier, Major; L. Holmes, Grievance Coordinator; John Ozmint, Director of SCDC; and J.C. Young, (Mail Room Clerk), <br><br> Defendants. | C. A. No. 2:09-0785-CMC-RSC <br><br><br> **REPORT AND RECOMMENDATION** |

The plaintiff brought this action on March 27, 2009, against five officers of the South Carolina Department of Corrections seeking relief pursuant to 42 U.S.C. § 1983. The defendants answered the complaint on August 13, 2009. On August 31, 2009, the plaintiff filed a motion to amend the complaint to add more parties and moved for more time to file the proposed amended complaint.

On September 1, 2009, the defendants filed a motion for summary judgment. By order of this court filed September 3, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if he failed to respond by October 7, 2009.

On September 4, 2009, the defendants opposed the plaintiff's

motion to amend his complaint. On September 8, 2009, the plaintiff filed a motion to hold the action in abeyance for 180 days to allow the Administrative Law Court time to develop more evidence pertaining to certain unnamed issues relevant to the instant action. On September 11, 2009, the defendants filed an opposition to the motion to stay. On the same day the plaintiff filed a motion for an additional 20 days time to file his opposition to the defendants' summary judgment motion. The plaintiff complained that he was allowed only 30 sheets of paper every two weeks and that he had two 20 page briefs to file in the Administrative Law Court. On September 16, 2009, the plaintiff's motion for an extension of time was denied and he was again ordered to respond to the summary judgment motion by October 7, 2009. Despite this order, the plaintiff elected not to respond to the motion. Instead, on September 19, 2009, Plaintiff filed a second motion to hold the action in abeyance for 180 days.

On October 15, 2009, the undersigned entered an order which indicated that it appeared from Plaintiff's lack of response that the plaintiff wished to abandon the action, but, nonetheless, gave the plaintiff ten days more to respond to the defendants' summary judgment motion. Again, despite the orders, the plaintiff elected not to respond to the motion. Instead, on October 22, 2009, he wrote a letter to the Court in which he complained that he had been given 15 pages of paper which was not enough paper to allow him to adequately respond and he requested

the court order that he receive 50 pages of paper.

In view of the plaintiff's multiple requests for extensions of time to respond to the defendants' summary judgment motion and multiple requests that the action be held in abeyance for 180 days, it appears that the plaintiff is unable to respond to the motion and continue to prosecute his case.[1] Therefore it is recommended that the action be dismissed without prejudice and with leave to refile the case within the applicable statute of limitations. In the alternative the action should be dismissed with prejudice for failure to prosecute, <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
November 9, 2009

---

[1] The Court's records reflect that the plaintiff previously had a civil rights action dismissed with prejudice for lack of prosecution. (C/A 2:06-3334). He also had a habeas corpus petition dismissed without prejudice because none of his claims had ever been presented to any state court. (C/A 8-3904).